UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARIO ALEJANDRO FUENMAYOR
CHOURIO,

      Petitioner,

v.                                    Case No.  2:26-cv-1495-JES-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH, et al.,

      Respondents.
_____/

<u>**OPINION AND ORDER**</u>

Before the Court are Petitioner Dario Alejandro Fuenmayor Chourio's pro se petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 7).  For the reasons below, the Court grants the petition to the extent set forth in this Order.

## I.    Background

Fuenmayor Chourio is a native and citizen of Venezuela who was paroled into the United States on September 8, 2022.  (Doc. 1 at 4).  He has filed an application for temporary protected status.  (<u>Id.</u> at 5).  He holds valid employment authorization in the United States where he has worked and filed taxes.  (<u>Id.</u>)  He has no criminal history.  (<u>Id.</u>)

Fuenmayor Chourio was detained by immigration authorities and placed into removal proceedings on January 20, 2026.  (Doc. 1 at 5).  He is currently held at Florida Soft Side South Detention

Facility.   (Id. at 1).   Fuenmayor Chourio seeks, among other things, an 8 U.S.C. § 1226(a) bond hearing before an immigration judge.  (Doc. 1 at 10-11).

In response to the petition, Respondents acknowledge that under the Eleventh Circuit's recent opinion in citing Hernandez Alvarez v. Warden, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026), Fuenmayor Chourio is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a).  (Doc. 7 at 1, 2-3).  Respondents request seven days to arrange the hearing.  (Id. at 1).

## II.  Discussion

Under 8 U.S.C. § 1226(a) of the Immigration and Nationality Act (INA), the government is authorized "to detain certain aliens already in the country pending the outcome of removal proceedings[.]"  Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). But 8 U.S.XC. § 1226A(a) provides safeguards, including the right to an individualized bond hearing.   Id. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")(citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Eleventh Circuit recently addressed the issue of whether "unadmitted aliens found in the interior of the United States are eligible for bond as they go through immigration proceedings." Hernandez Alvarez, 2026 WL 1243395, at *1.  The Court determined that "no-bond detention generally applies to arriving aliens

2

seeking lawful entry to the country, and not to aliens who are simply present here." Id.  And Respondents recognize that, under this holding, Fuenmayor Chourio is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a).

The Court will thus order Respondents to either release Fuenmayor Chourio or bring him before an immigration judge within seven days for a merit-based § 1226 bond hearing where the government must show that he is a flight risk or danger to the community.  To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by the petitioner and the factors announced in In re Guerra, 24 I. & N. Dec. 37 (BIA 2006).  Fuenmayor Chourio's counsel must receive at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.  If Respondents are unable to ensure that Fuenmayor Chourio timely receives the meaningful and thorough bond hearing to which he is entitled under § 1226(a), they must release him.

Accordingly, it is **ORDERED**:

1.  Dario Alejandro Fuenmayor Chourio's for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2.  Within **SEVEN (7) DAYS**, Respondents shall either provide Fuenmayor Chourio with the statutory process required under § 1226—

which includes a merit-based bond hearing—or release him under reasonable conditions of supervision.

3.  If Respondents release Fuenmayor Chourio, they shall facilitate his transportation from the detention facility by notifying his counsel or family of when and where he may be collected.

4.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 20, 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE